No. 473 May 28, 2026 171

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MITCHELL LEE TANDESKE,
*Defendant-Appellant.*

Marion County Circuit Court
22CR18669; A184769

Thomas M. Hart, Judge.

Submitted January 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for three counts of first-degree sexual abuse, ORS 163.427. The convictions arise out of defendant's sexual abuse of two minor victims, A and F. In two assignments of error, defendant contends that the trial court erred in denying his pretrial motion to prohibit both the prosecutor and any witnesses from using the term "disclosure." For the reasons briefly discussed below, we affirm.

Defendant contends that the words "disclosure" or "delayed disclosure" amount to improper vouching, particularly in the context of a case involving allegations of sexual abuse of minors who did not disclose their sexual abuse for a substantial amount of time. To the extent that defendant contends that the use of the terms "disclosure" or "delayed disclosure" necessarily constitute vouching when referring to a child's allegations of prior sexual abuse, defendant acknowledges that we rejected that argument in *State v. Solano*, 332 Or App 646, 655, 551 P3d 938, *rev allowed*, 372 Or 763 (2024). We agree that *Solano* effectively forecloses that contention and controls here. Defendant also argues that Elizabeth Guevara, a child forensic interviewer who interviewed A, vouched for A's credibility when she said that she defined "delayed disclosure" to mean that a "child does not disclose their experience of abuse immediately after that experience." Guevara then discussed the reasons that a child may delay disclosure, particularly when it involves a family member, and why male children and adolescents have a more difficult time disclosing any abuse. Defendant contends that Guevara's use of the term, in the factual context of this case, vouched for A's credibility. We disagree with that contention as well. Guevara's testimony was not a direct or even indirect statement of her personal opinion of A's credibility. *See State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019) (defining vouching as a direct or indirect expression of one's personal opinion about the credibility of a witness).

Finally, even assuming that there was error, we would conclude that any error was harmless on this record and would still affirm. *State v. Davis*, 336 Or 19, 32, 77 P3d

1111 (2003) (stating that an error is harmless if there is little likelihood that the error affected the verdict). This was a bench trial where the trial court acted as the fact finder. The court issued a speaking verdict where it detailed its factual findings. The court noted that it had closely observed the witnesses' demeanor, assessed their credibility, and looked at the evidence. The court made particular findings about the credibility of A and F, citing their very detailed descriptions of both the abuse and the setting of the abuse, noting their responses and even their posture when testifying on direct and cross-examination, and remarking on their emotional responses to the abuse. The court relied on those findings in support of its verdict. In light of the court's detailed recitation of its own reasons for finding the victims credible, the prosecutor's or witnesses' use of the term "disclosure"—a term that was also used by defense counsel—had little likelihood of affecting the court's verdict.

Affirmed.